IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:15cr118-MHT |
| | ) | (WO) |
| **MYESHA ALETA McCRAY** | ) | |

OPINION AND ORDER

This cause is before the court on the motion to continue filed by defendant Myesha Aleta McCray. For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2016, on a superseding indictment, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence,"  § 3161(h)(7)(B)(iv).

In this case, the ends of justice served by granting a continuance outweigh the interest of the public and McCray in a speedy trial.  McCray has been

in custody in Georgia since February 2016. Her incarceration has prevented her from meeting with counsel to investigate the additional charges in the superseding indictment. Moreover, McCray has not even had an arraignment on the superseding indictment. As a result of these factors, defense counsel represents that McCray cannot prepare effectively for an April 4 trial, even though McCray has prepared diligently for it. She suggests a trial on August 1, 2016. Finally, the government does not oppose the continuance. Given these circumstances, a continuance in this matter is warranted.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendant Myesha Aleta McCray's motion for continuance (doc. no. 193) is granted.

(2) The jury selection and trial for McCray, now set for April 4, 2016, are reset for August 1, 2016, at 10:00 a.m., at the Federal Courthouse in Opelika,

3

Alabama, 500 South 7th Street, Opelika, Alabama.

DONE, this the 9th day of March, 2016.

                               _/s/ Myron H. Thompson
                               **UNITED STATES DISTRICT JUDGE**